Donald P. Norris   (Bar No. 007464)
Macey & Aleman, P.C.
1701 W. Charleston Blvd, Suite 320
Las Vegas, NV 89102
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email:  dpn@legalhelpers.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO DIVISION**

| | |
|---|---|
| Deborah Rucilez<br>6092 Bankside Way<br>Reno, NV<br><br>          Plaintiff,<br><br>v.<br><br>I.C. System, Inc.<br>c/o the Corporation Trust Company of Nevada<br>6100 Neil Road, Suite 500<br>Reno, NV 89511<br><br>          Defendant. | Case No.:<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around December 11, 2008, Defendant telephoned Plaintiff.

8. During this communication, Defendant threatened to sue Plaintiff if Plaintiff did not pay the debt immediately.

9. At the time of these communications, Defendant had neither the intent nor ability to sue Plaintiff.

10. On or around December 17, 2008, Defendant telephoned Plaintiff at Plaintiff's place of employment.

11. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

12. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment on numerous occasions throughout December 2008.

13. During several of these communications, Plaintiff again notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## **COUNT FIVE**

### **Violation of the Fair Debt Collection Practices Act**

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## **JURY DEMAND**

26. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

27. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Donald P. Norris*
Donald P. Norris        (Bar No. 007464)
1701 W. Charleston Blvd, Suite 320
Las Vegas, NV 89102
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email:  dpn@legalhelpers.com
*Attorney for Plaintiff*